AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>PASCUAL CARLOS PIETRI<br>a/k/a "Pete"<br><br>Defendant(s) | Case No. 8:15 MJ 1163 TGW |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 5, 2014__ in the county of __Pasco__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 2113(a) | Bank Robbery |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Colleen M. Conyngham, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __MARCH 10, 2015__

_____
Judge's signature

City and state: __Tampa, Florida__   Thomas G. Wilson, United States Magistrate Judge
*Printed name and title*

8:15 MJ 1163 TGW

## AFFIDAVIT IN SUPPORT OF
## CRIMINAL COMPLAINT

I, Colleen M. Conyngham, being duly sworn, depose and state the following:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI"), assigned to the Tampa Division/Orlando Resident Agency. I have been employed as an SA with the FBI since February 20, 1990.

2. In connection with my official duties, I investigate a variety of criminal violations of federal laws, including the investigation of violent crimes and major offenses such as bank robberies, violent crimes, crimes involving gangs, criminal enterprises, the apprehension of federal fugitives and civil rights violations. During four months of training at the FBI Academy, Quantico, Virginia, I received training in numerous investigative and legal matters, including Fourth Amendment searches, the drafting of search warrant affidavits, and probable cause. I am familiar with, and have participated in, all normal methods of investigation into violent criminal offenses, including, but not limited to visual surveillance, the questioning of witnesses, the use of search and arrest warrants, the use of informants, the use of pen registers, the use of subpoenas and the utilization of records and database checks. Prior to my employment with the FBI, I served as a Deputy United States Marshal with the United States Marshals Service for approximately four years. As such, I also successfully completed four months of criminal investigator training at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. During my employment as a Deputy United States

Marshal I worked numerous investigations involving federal fugitives and other violent felony offenses.

3. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7). I am empowered by law to conduct investigations of, and to make arrests for, violations of federal law, including violations of Title 18, United States Code, Sections 2113(a).

4. I am familiar with the facts and circumstances of this investigation either as a result of my personal involvement or as a result of other information being made available to me by other sources, including from other law enforcement personnel. Thus, the information provided herein is based upon this combined knowledge, as well as my experience and background. This affidavit does not set forth all information known to me and other agents concerning the investigation giving rise to the facts of this case. Rather it merely sets forth those facts needed to establish probable cause in support of the request criminal complaint. The source of my information and the grounds for this belief are as follows.

## SUMMARY

5. This investigation involves a bank robbery which occurred in the Middle District of Florida on May 5, 2014. For the reasons set forth below, probable cause exists to believe that PASCUAL CARLOS PIETRI, a/k/a "Pete," has committed a violation of Title 18, United States Code, Section 2113 (a).

## STATEMENT OF PROBABLE CAUSE

6. On May 5, 2014, at approximately 11:15 a.m. a bank robbery occurred in the Middle District of Florida at the Wells Fargo Bank, a federally insured financial institution, located

at 6604 Massachusetts Avenue New Port Richey, Florida 34653. The total loss to the bank was $7,999.00. The subject, later identified as PASCUAL CARLOS PIETRI, was described by witnesses as entering the bank wearing a black and white cap, a fishnet stocking over his face, a dark hooded zip up sweat jacket, t-shirt, and jeans. Witnesses further described the male as approximately 5'6 – 5'10," and white or Hispanic without an accent in his speech. Further, the male placed a black colored bag on the counter and kept his hand inside the bag simulating he had a gun or weapon. Additionally, the bank surveillance camera shows the bank robber exiting a silver Honda vehicle which had the lettering "ACCORD" written across its front windshield and the vehicle had after market "custom" rims.

7.  The subject walked into the bank and yelled "this is a bank robbery" as he placed a black colored type bag on the counter, keeping his hand inside the bag simulating that he had a gun or weapon. The witnesses stated that the robber shouted "give me all your money." Once the first teller complied with the subject's instructions, he moved to the second teller and demand money from her as well. The subject then went back to the first teller and stated "I told you to give me all of it." The first teller showed the subject her empty drawer. The subject then ran out the front door of the bank, dropping some money and his cap as he fled the scene.

8.  On May 6, 2014, one day after the bank robbery, New Port Richey Police Department Officers observed a silver, 1995 Honda Accord vehicle parked in the driveway of 5147 Greenwood Street, New Port Richey, Florida which matched the description of the vehicle depicted on the bank surveillance video. New Port Richey Police Department Officers set up surveillance on the subject vehicle. New Port Richey Police Department Detectives also received intelligence that the subject vehicle was owned by the driver of the vehicle involved in the Wells

Fargo Bank robbery.

9. While New Port Richey Police Department Officers conducted surveillance on the 1995 Honda Accord, two male individuals exited the residence. As one entered the Honda Accord to depart, the other remained on the front porch of the residence. New Port Richey Police Department Officers detained both males, who were identified as Kristopher Noel and Julio Santiago Ortiz.

10. During a post-*Miranda* interview with Santiago Ortiz, he advised he is the owner of the 1995 Honda Accord and confirmed the same after viewing the surveillance photographs obtained from the Wells Fargo Bank. Santiago Ortiz also admitted to providing an individual who is known to him as "Pete" (later identified as PASCUAL CARLOS PIETRI) with a ride to the Wells Fargo Bank located on Massachusetts Avenue, New Port Richey, Florida, on the morning of the bank robbery. Santiago Ortiz advised that after he dropped "Pete" off by the Wells Fargo Bank, Santiago Ortiz and his passenger named "Kris" returned to their residence. The surveillance videos show that after dropping PIETRI off near the bank, Santiago Ortiz parked just east of the bank on Aurora Drive and waited for PIETRI to return. When PIETRI returned and entered the vehicle, Santiago Ortiz then drove off.

11. Post-*Miranda* interviews with Kristopher Noel revealed that on the day of the bank robbery, Noel rode in the passenger's side of the Honda Accord, with Santiago Ortiz driving and with PASCUAL CARLOS PIETRI sitting in the rear passenger seat. Noel advised that Santiago Ortiz stopped on Massachusetts Avenue and allowed PIETRI to exit the vehicle near the Wells Fargo Bank. Noel further advised that Santiago Ortiz drove off and parked on a side street (Aurora Drive), where they waited

for PIETRI. Noel advised that he did not know a bank robbery was going to occur; however, after waiting for PIETRI on the side street, he saw PIETRI running toward their vehicle and yelling to Noel to open the rear door so PIETRI could get inside the vehicle, to which Noel complied. Noel advised that once inside the vehicle, PIETRI was stuffing something in his socks, and Santiago Ortiz was yelling at PIETRI to wait until they were back at the house to do this. Noel advised that PIETRI was also holding what appeared to be a hooded sweatshirt close to his body. Noel further advised that upon returning to their residence, Santiago Ortiz and PIETRI went into a bedroom and Noel overheard them discussing money. Noel stated that Santiago Ortiz provided him with a few hundred dollars, which is when Noel realized that PIETRI had robbed someone. Noel later identified PASCUAL CARLOS PIETRI from a photo spread presented to him by New Port Richey Detective Anderson as the same person who was driven to and from the Wells Fargo Bank on May 6, 2014 by Santiago Ortiz.

12. Further investigation revealed that a confidential human source (CHS), who personally knows both Santiago Ortiz and PIETRI, advised that Santiago Ortiz is the owner of a Honda Accord which has the same lettering of "ACCORD" written across its front windshield and chrome rims. This CHS provided PIETRI's cellular telephone number to Detective Anderson. A photo spread was presented to this CHS and he/she identified PASCUAL CARLOS PIETRI as one in the same individual known to him/her as "Pete," who also resides with Santiago Ortiz.

13. On May 14, 2014, PASCUAL CARLOS PIETRI was arrested by the United States Marshals Service and the Longwood Police Department in Orlando, Florida pursuant to a State of Florida arrest warrant for the Wells Fargo Bank robbery. On July

30, 2014, New Port Richey PD Detective Anderson was notified by the State Attorney's Office that they received a letter authored and signed by PIETRI. The letter was titled as a witness affidavit on plain legal paper and reads "Julio Santiago Ortiz had nothing to do with the bank robbery" and that PIETRI acted independently.

14. Based on the forgoing, probable cause exists to believe that PASCUAL CARLOS PIETRI did commit a bank robbery, in violation of Title 18, United States Code, Section 2113(a). Therefore, I respectfully request that the Court authorize a criminal complaint against PASCUAL CARLOS PIETRI.

This completes my affidavit.

Colleen M. Conyngham
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me
this 10th day of March 2015, in Tampa, Florida.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE